Farr, J.
Heard on error.
The action in the court below was to recover for personal injuries resulting in the death of one Frank Yalacek on the first day of April, A. D. 1917, while in the employ of the U. S. Coal Company which had elected to pay compensation directly to its .injured employees, or their dependants under the provisions of the workmen’s compensation law of Ohio. Application was accordingly made by the plaintiffs in error to the company, which was refused, and thereupon application was made to the Industrial Commission of Ohio to fix compensation, which was likewise refused and notice of such refusal was served on claimants on the first day of March, 1918. On the 21st day of March, 1918, notice or declaration of appeal was filed in the court of common pleas of this county against the Industrial Commission and on the same day a waiver of summons was filed or an appearance entered for the commission by the prosecuting attorney, of Jefferson county. On the 17th day oE April, 1918, a petition was filed against the commission to recover compensation for the death of the decedent. On October 10, 1918, plaintiffs filed an amended petition, making the United States Coal Company a party defendant, and summons duly issued. On December 11, 1918, a demurrer was filed to the petition by the coal company and sustained as to the sixth ground.
A motion was made by the commission asking to be dismissed as a party defendant, which was sustained. On January 3, 1919, an amended petition was filed, to which a demurrer was later filed, and sustained, and judgment was entered for the defendant company, to which error is prosecuted here upon two grounds.
*147 First. That the court below erred in sustaining the motion of the commission to be dismissed as a party defendant.
Second. That the trial court erred in sustaining the demurrers and entering judgment for the defendant coal company.
As to the first assignment for error, it is urged that since the injury occurred on the first day of April, 1917, that the act of February 26, 1913, approved March 14, 1913, 103 O. L., 72, 92 Secs. 1465-1A to 1465-106, G. C., relating to the powers, duties, etc., of the State Liability Board of Awards controls rather than the amendment to that act, 107 O. L., 157-172, which was passed March 20, 1917, approved March 29, 1917, but which it is urged did not become effective until the expiration of the referendum period, June 28, 1917, about two months after the death of Frank Valacek,
It is contended therefore that the latter act does not apply because not in effect at the date of the death of decedent, and for that reason, it is claimed that the Industrial Commission should not have been dismissed as a party defendant because the act of 1913 provides (103 O. L., 88, Sec. 43, Sec. 1465-90, G. C.) that in case of an appeal to the court of common pleas, the appellant shall file his petition in the ordinary form “against such board.” One of the amendments made, and the one of importance here, in the act of 1917, is that in case,
“Said commission denies the right of claimant or claimants to receive or to continue to receive compensation from an employer who .has duly elected to pay compensation, medical, hospital and nursing, services and medicines and funeral expenses direct to his injured and the dependants of his injured employees * * * the claimant or claimants shall have the right to appeal to the common pleas court of the county in the same manner as in claims against t'he state insurance fund * * * except that the employer shall be the defendant in such proceedings.” 107 O. L, 163, Sec. 1465-90.
The material change made by the amendment, therefore so far as the instant case is concerned, is that the employer, instead of the commission, shall be the defendant in such proceedings, this change, however, relates wholly to the procedure, *148 and not to a substantive cause of action, and it is not material if the right of action did arise in the case at bar under the act of 1913, because it is not a question of whether or not there is a right or cause of action, but of whom should be made defendant, of what constitutes or is required to perfect 'an appeal, and whether the coal company was properly made a party defendant. There was no right of appeal until compensation was refused by the commission and the applicant must ctimply with the law then in force as to procedure and not with a former statute.
March 1st, 1918, notice was given claimants by the commission that: “compensation is denied.”- The act of 1917, effective June 28, 1917 (107 O. L., 157-162), was therefore in effect so far as procedure was concerned; consequently the employer rather than the commission must be made defendant and the court below properly sustained the motion to dismiss the commission. The next and last assignment for error is that the trial court erred in sustaining the demurrers to the amended petitions and entering judgment for the defendant company which had been made a party defendant by amendment to the petition. The demurrers were doubtless sustained, upon the theory that' the appeal as to the coal company had not been perfected within the statutory period of thirty days after the notice of final action 'by the commission, March 1, 1918.
On March 21, 1918, claimants filed their notice or declaration of appeal in the court of common pleas against the Industrial Commission and on the same day a waiver of summons or an appearance was entered by the prosecuting attorney of Jefferson county, and within thirty days thereafter, on April 17, 1918, a petition was filed as provided in said amended Sec. 1465-90, G. C. The amended petition making the United States Coal Company a party defendant was filed October 10, 1918, and summons issued. "Was the notice or declaration of appeal filed in the instant case sufficient to invest the court of common pleas with jurisdiction? Said Section 1465-90, G. C., as amended 107 O. L., 162-163, provides that:
*149 “The claimant, within thirty (30) days after the notice of final action of such commission, may, by filing his appeal in the common pleas court * * * be entitled to trial in the ordinary way. * * * Within thirty days after filing his appeal, the appellant shall file a petition in the ordinary form.”
The above Section 1465-90, G. C., uses the words “appeal” and “petition” and fixes the time within which each shall be filed; therefore they were evidently not intended to mean one and the same thing; it was obviously the legislative intent that the filing of notice or declaration of appeal by a claimant in the court of common pleas, within the statutory period after notice of the final action of the commission, should constitute an “appeal” within the meaning of the statute; if it were otherwise, the Legislature could just as well have omitted the separate provision as to “appeal” and simply have provided that the petition be filed within thirty days after notice of- final action- by the commission, and that the same should constitute or perfect an appeal; and the workmen’s compensation law being remedial should be liberally construed as held in Roma v. Industrial Commission, 97 O. S., 252, 253, where Nichols, C. J., observes:
“We feel that if he be defeated by a technicality, although a proper and just one, it would be quite out of harmony with the underlying objects, the General Assembly had in view in enacting the law. The state of Ohio, by the very terms of the law, becomes in fact the representative, if not the champion of the claimant to the extent of seeing that exact justice is done him, and it is quite manifestly the intention of the law that the ordinary rules of procedure, although wise and fair in the abstract, must give way, if, in adhering to them, any conclusion even savoring of injustice would result. Sec. 1465-91, G. C., provides that ‘such board (the board of awards) shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure other than as herein provided.’ It is the conception of this court that the section of the law just quoted is, in a sense, binding on the courts that may review these investigations. Whenever it may be made to appear that by a strict adherence to technical rules the substantial rights of the party are in jeopardy, it is the plain duty of the courts * * * to disregard such rules.”
*150 The foregoing is in harmony with the legislative intent as declared in the law itself and as indicated in above Sec. 1465-91, G. C.
Therefore, clearly the filing of notice or declaration, such as was filed in the case at bar was sufficient to perfect the appeal and to invest the court of common pleas with jurisdiction of the subject matter; but was it effective as to The United States Coal Company which was made a party defendant by the amended petition filed as above stated on October 10, 1918, upon which summons was issued and returned properly served? On December 11, 1918, the coal company filed what might well be termed a general demurrer, setting out some six different grounds, the last of which was that the petition did not state facts sufficient to constitute a cause of action, and which relates only to matters of substance and which distinguished the general from a special demurrer at common law, the distinct offices of which were there recognized, but which are not retained in the new procedure, except that convenience and common usage are sufficient warrant for their adoption.
The demurrer was sustained and the petition was amended, to which a similar demurrer was filed and sustained and judgment entered for the defendant company. Such demurrers are by the Code, Sec. 11303, G. C., made pleadings, and were sufficient to enter the appearance of the coal company. In Wilson v. Wilson, 30 O. S., 372, it is said:
“We think the defendant voluntarily submitted himself and the new cause of action to the jurisdiction of the court, by demurring only on the ground that the petition did not state facts sufficient to constitute a cause of action. It would have been otherwise had he demurred specially on the ground that the court had no jurisdiction of the subject of the action. But by demurring generally and subsequently answering to the merits, he waived ail right to object to the jurisdiction which he had himself invoked.”
The court clearly holds in the foregoing that an appearance was entered by the general demurrer. However, there is another reason why the appeal was effective against the coal com- *151 party. The court of common pleas had been invested with jurisdiction of the subject matter of the action by the appeal, and might, therefore, properly permit the company to be made a party defendant if necessary to a determination of the issues, dependent of course, upon a proper amendment and possibly service of summons. Just as the filing of a transcript on appeal from the docket of a justice of the peace invests the court of common pleas with jurisdiction and thereafter any person necessary to a determination of the issue may be made a party. The proceeding in the instant case is purely statutory and since the right of appeal is provided and was perfected by filing' notice or a transcript and it is also provided that the employer instead of the commission shall be made defendant, the appeal was effective against the coal company although the commission was by mistake primarily made defendant, and it is doubted whether service of summons was necessary; the appeal itself was notice to the company just as an appeal is notice in other civil actions. The petition was not filed within thirty days from the appeal, but the court gave leave to file an amended petition out of rule just as leave is granted in other civil actions. The statute fixes the status of the employer as defendant, which relation practically exists before the commission because if an award be made it would be against the employer. Therefore, since the court of common pleas had been invested with jurisdiction of the subject matter of the action, and the coal company was made a party defendant and filed a general demurrer, the conclusion must be that jurisdiction attached at the time of filing the appeal, and that it was effective as against the defendant coal company, and the demurrer, therefore, should have been overruled. It follows that the judgment of the court below must be reversed, and it is so ordered.
Metcalfe, P. J., and Pollack, J., concur.